UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MELODY SMITH                                        CIVIL ACTION NO. 12-cv-0188

VERSUS                                              JUDGE STAGG

PARISH OF CADDO, ET AL                              MAGISTRATE JUDGE HORNSBY

**ORDER OF REMAND**

A person who calls herself Melody Smith:El filed with this court a document titled Notice of Removal and Motion for Summary Judgment. The one-page submission makes reference to the National Archives, several removal statutes, a claim for over $400,000 for pain and suffering, and random legal terms. The filing is signed with notations that it is without prejudice, all rights reserved, and cites provisions of the UCC often invoked by persons who believe such signature provisions free them from any legal obligations associated with the document.

The state court action that is sought to be removed is No. 298518 in Caddo Parish, Louisiana. That proceeding is a criminal cases, State of Louisiana v. Melody Smith Wilson, wherein Wilson is charged in a bill of information with possession of marijuana and resisting an officer.

The statutory provision for removal of criminal cases is 28 U.S.C. § 1443.[1] The Supreme Court's interpretations of the statute were discussed in <u>Williams v. State of Mississippi</u>, 608 F.2d 1021 (5th Cir. 1979). The Fifth Circuit read the high court's precedent to "make clear" that a removal under Section 1443(1) must satisfy a two-prong test. First, it must appear that the right allegedly denied arises under a federal law providing for specific civil rights stated in terms of racial equality. Second, it must appear that the person seeking removal is denied or cannot enforce those specific federal rights in the courts of the state. That second element requires that the denial be manifest in a formal expression of state law. <u>Williams</u>, 608 F.2d at 1022. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." <u>Johnson v. Mississippi</u>, 95 S.Ct. 1591 (1975).

The district court in which a notice of removal of a criminal prosecution is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits

---

[1] Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

annexed thereto that removal should not be permitted, the court shall make an order for summary remand. 28 U.S.C. § 1455(b)(4). A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds. Section 1455(b)(2).

The removing party has not stated any grounds in her Notice of Removal that would permit removal of a criminal prosecution. She has not described a right that arises under federal law providing for specific civil rights in terms of racial equality that is denied or cannot be enforced in state court because of a formal expression of state law. A summary remand is appropriate under these circumstances.

The proper procedure for an accused to protect federal rights in a state court criminal prosecution is to raise the federal defenses and arguments in the state court proceeding, in accordance with the rules and procedures that apply in the state courts. If the person is nonetheless convicted, she may appeal the conviction through the state court system, and then apply to the United States Supreme Court for a writ of certiorari. Once the state court conviction is final, and not before, the convicted person may file a petition for writ of habeas corpus in the federal court and ask the federal court to set aside the state court conviction based on any errors of federal constitutional magnitude.

Accordingly, this matter is **remanded** to the **First Judicial District Court, Caddo Parish, Louisiana**, where the matter is pending as Case No. 298518.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 31st day of January, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE